UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY LIEBER, and
LORENA LIEBER,

CASE NO. 1:15-CV-14157

*Plaintiffs*,

DISTRICT JUDGE THOMAS L. LUDINGTON
*v.* MAGISTRATE JUDGE PATRICIA T. MORRIS

EVERBANK MORTGAGE
COMPANY,

*Defendants*.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS
(Doc. 16)

**I. Recommendation**

For the reasons stated below, I recommend **GRANTING Defendant's motion to dismiss in part and DENYING the motion in part, i.e., granting the motion as to Plaintiffs' breach of contract claim but denying the motion as to Plaintiffs' RESPA claim.** (Doc. 16.)

**II. Introduction**

This mortgage foreclosure action was originally filed in the Saginaw County Circuit Court, State of Michigan; the case was removed to this Court on October 13, 2015, by Defendant EverBank Mortgage Company ("EverBank"). (Doc. 1, Notice of Removal ¶ 1.) This case was referred by United States District Judge Thomas L.

Ludington to the undersigned magistrate judge for general case management on December 8, 2015. (Doc. 9.)

On February 8, 2016, EverBank filed the instant motion to dismiss Plaintiffs' First Amended Complaint ("Complaint"). (Doc. 16.) Plaintiffs responded on February 29, 2016 (Doc. 18.) and Defendant replied. (Doc. 19.) Therefore, the motion is ready for report and recommendation without oral argument. See E.D. Mich. LR 7.1(f)(1).

### III. Background and Parties Arguments

Plaintiffs' property is located at 8093 S. Raucholz Road, St. Charles, Michigan 48655. (Doc. 12, ¶ 8.) On or about May 13, 2015, Plaintiffs obtained a $153,000.00 loan from GNC Mortgage. (*Id.*) The loan was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.*) On September 15, 2010, MERS assigned the mortgage to EverBank. (Doc. 16 at ID 87 & Ex. 2.) On June 11, 2014, EverBank assigned the mortgage to Green Tree Servicing LLC.[1] (*Id.* at ID 88 & Ex. 3). As of November 25, 2015, when the original Complaint was filed in state court, Plaintiffs were seeking to enjoin foreclosure. (Doc. 1 at ID 16.) Since the First Amended Complaint also seeks to enjoin foreclosure, the Court assumes foreclosure has not yet occurred. (Doc. 12 at ID 64.)

Plaintiffs' First Amended Complaint alleges: (1) breach of contract; and (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 1601. (Doc. 12.) Under the breach of contract claim, Plaintiffs allege that after the mortgage

---

[1] The parties stipulated to the dismissal of Defendant, Ditech Financial LLC, formerly known as Green Tree Servicing LLC on January 22, 2013. (Doc. 13.)

was purchased by Defendant, Defendant "charged excessive amount against the escrow account and has never properly accounted to Plaintiffs for the escrow as required by contract documents and by law." (Doc. 12 at ID 60.) After a loan modification agreement was entered into between Defendant and Plaintiffs, Plaintiffs claim that "modifications agreed upon were withdrawn, only to be increased in amount and extended by Defendant Everhome [sic] on a unilateral and arbitrary basis. Plaintiffs wrote letters to the Defendant Everhome [sic] seeking an accounting including an accounting of funds paid for escrow purposes and were not favored with a response." (*Id.*) Plaintiffs allege they made efforts to seek a HAMP modification but were "wrongfully rejected" until an "executed agreement modifying the mortgage was entered into by the parties prior to the instant suit" but that Defendant was "duplicative" and failed to comply with the foreclosure by advertisement provisions of Michigan law, i.e., Mich. Comp. Laws § 600.3205. (Doc. 1 at ID 61.)

Plaintiffs allege that Defendant "failed to apply payments to the Mortgage in a full or correct manner" and that "[p]ortions of the payments were applied to the escrow account" while "[o]ther portions of the payments were not applied to the Mortgage and were not placed into the escrow account and may be unaccounted for." (Doc. 12 at ID 61-62.) Plaintiffs further allege that Defendant "began assessing unearned fees and costs including late fees on a monthly basis that were not agreed upon and/or, not fully disclosed to Plaintiffs" and that such "irregularities resulted in a bank overdraft of the Plaintiffs on several occasions." (Doc. 12 at ID 62.) Plaintiff also avers that "[s]uch fees and costs were wrongfully deducted from Plaintiffs' payments before payments were

3

applied to principal, interest and escrow." (*Id*.) Under this claim, Plaintiffs pray the court enter judgment "setting aside the acceleration and enjoining the foreclosure of the real estate at issue until a full and complete accounting." (Doc. 12 at ID 64.)

Under the RESPA claim, Plaintiffs further allege that despite "reasonable requests" from Plaintiffs, Defendant "failed to investigate irregularities or Plaintiff's [sic] dispute of the amount of the debt and failed to properly credit Plaintiffs' payments[.]" (Doc. 12 at ID 65.) Plaintiffs aver that they "have incurred damages including improper and late charges and the cost of legal counsel prior to, during and post-bankruptcy proceedings" and they pray the court "adjudge and declare the Plaintiffs rights to an accounting, adjustment of account and whatever dollar amount allowed by statute, up to and including all attorney fees allowed by statute." (*Id*. at ID 65-66.)

Defendant argues that Plaintiffs' breach of contract claim should be dismissed because Plaintiffs have failed to state a *prima facie* claim for breach of contract. Plaintiffs "fail to allege what specific terms of the Mortgage they claim EverBank breached, or any conduct by EverBank constituting a breach." (Doc. 16 at ID 91.) Defendant also asserts that Plaintiffs fail to allege any damages arising from the alleged breach. (*Id.*) Defendant argues that Plaintiffs RESPA claim should be dismissed because Plaintiffs failed to comply with Federal Rule of Civil Procedure Rule 8, failed to allege a claim under RESPA § 2605, and did not allege any money damages. (Doc. 16 at ID 91-97.)

In response Plaintiffs allege that they have sufficiently pled breach of contract and RESPA claims, and request permission to amend their complaint. (Doc. 18 & Ex. 2 at ID

138-43.) Defendant replies that Plaintiff's request to amend should be denied as improper. (Doc. 19.)

### III. Analysis

#### A. Motion to Dismiss Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and will be granted if the plaintiffs have failed "to state a claim upon which relief can be granted . . . ." "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

5

Because the dismissal standard scrutinizes the pleadings, the Federal Rules limit courts' consideration of extraneous materials at this stage. Rule 12(d) provides the operative language: "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The "pleadings" the rule refers to are seven narrow classes of documents defined in Rule 7(a), including the complaint. Rule 10(c) states that a written instrument attached to a pleading as exhibits "is a part of the pleading for all purposes."

In addition, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment). Thus, the Court can consider the exhibits to Plaintiffs' complaint as well as the mortgage and assignment(s) which are

6

publicly available documents, referred to in Plaintiffs' complaint and central to their claim.

### B. Breach of Contract Claim

To state a breach of contract claim under Michigan law, a plaintiff must allege: (1) the existence of a valid contract; (2) the terms of the contract; (3) performance of things to be performed by the plaintiff; (4) breach of the contract by the defendant; and (5) damages resulting from the defendant's breach. *See Synthes Spine Co., LP v. Calvert*, 270 F. Supp. 2d 939, 942 (E.D. Mich. 2003); *Keywell & Rosenfeld v. Bithell*, 657 N.W.2d 759, 791-92 (Mich. Ct. App. 2002).

As noted above, under the breach of contract claim, Plaintiffs allege that after the mortgage was purchased by Defendant, Defendant "charged excessive amount against the escrow account and has never properly accounted to Plaintiffs for the escrow as required by contract documents and by law." (Doc. 12 at ID 60.) Plaintiffs refer to various loan modifications or attempted modifications but instead of alleging what contract is alleged to have been breached, Plaintiffs allege only that after an attempted HAMP modification was "wrongfully rejected[,]" an "executed agreement modifying the mortgage was entered into by the parties prior to the instant suit" but that Defendant was "duplicative" and failed to comply with the foreclosure by advertisement provisions of Michigan law, i.e., Mich. Comp. Laws §600. 3205. (Doc. 1 at ID 61.) Plaintiffs do not allege that Defendant breached any portion of the "executed agreement" but rather complain only of Defendant's duplicity, which sounds in tortious conduct, and of Defendant's failure to comply with Michigan law regarding foreclosure. Plaintiffs' requested relief under this

claim does not seek breach of contract damages but rather seeks a judgment "setting aside the acceleration and enjoining the foreclosure of the real estate at issue until a full and complete accounting." (Doc. 12 at ID 64.) Thus I suggest that Defendant's motion to dismiss Count I be granted for failure to state a claim for breach of contract.

### C. RESPA Claim

Plaintiffs claim that the Defendant violated RESPA because it failed to "investigate irregularities or Plaintiff's dispute of the amount of the debt and failed to properly credit Plaintiffs' payments" when Plaintiffs made reasonable requests upon Defendant." (Doc. 12 ¶ 33.) Defendant contends that Plaintiffs' claim under RESPA fails because Plaintiffs did not state a claim, did not allege submission of a qualified written request, have sought only injunctive relief, and have not identified any monetary damages. (Doc. 16.) Plaintiffs respond by arguing that they properly alleged actual damages because they alleged that their escrow account continued to be improperly charged and, as a result, Plaintiffs have incurred damages including improper and late charges and the cost of legal counsel. (Doc. 18, Ex. 1 at 13.) They assert that that the Court should follow the reasoning of *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721 (6th Cir. 2013).

"As a remedial statute, RESPA is construed broadly to effectuate its purposes." *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 720 (6th Cir. 2013). Under 12 U.S.C. § 2605(e)(1)(A) a borrower may submit a Qualified Written Request ("QWR") to its loan servicer for "information relating to the servicing of such loan." Servicing is defined as (i) "receiving any scheduled periodic payments from a borrower pursuant to the terms of

any loan, including amounts for escrow accounts" and (ii) "making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). To be considered a QWR, the letter must identify the loan and "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B). A servicer must respond to a QWR, and failure to timely or adequately respond entitles a borrower to actual damages. *Id.* § 2605(f).

In their Complaint, Plaintiffs do not mention a QWR however they allege the following written communications:

- "Plaintiffs wrote letters to the Defendant Everhome [sic] seeking an accounting including an accounting of funds paid for escrow purposes and were not favored with a response." (Doc. 12 at ID 60.)
- "Plaintiffs made reasonable requests upon Defendants, and Defendants failed to investigate irregularities or Plaintiff's dispute of the amount of the debt and failed to properly credit Plaintiffs' payments . . . ." (*Id.* at ID 65.)

A request for an accounting has been held to be a valid QWR because "[a]n accounting of the loan (history of payments and future amounts due) does appear to relate to loan servicing." *Michel v. Deutsche Bank Trust Co.*, No. 1:10-cv-2375, 2012 U.S. Dist. LEXIS 134949, at *30 (E.D. Ca. Sept. 20, 2012); *see also Dowling v. Litton Loan Servicing, LP*, No. 2:05-CV-0098, 2006 U.S. Dist. LEXIS 87098, at *37-38 (S.D. Ohio

Dec. 1, 2006) (finding Plaintiffs request was a QWR because it identified Plaintiff's name and account number and "requested 'an accounting of the various charges and payments applicable to the account' and further demanded validation of the debt"). None of the letters allegedly sent by Plaintiff were attached to the Complaint; thus it is not possible to determine whether they were in fact QWRs. However, reading the Complaint in the light most favorable to Plaintiffs, I suggest that Plaintiffs have pled sufficient facts to reasonably infer that they sent Defendant a QWR and Defendant failed to respond in violation of RESPA § 2605.

Under the RESPA claim, Plaintiffs further allege that despite "reasonable requests" from Plaintiffs, Defendant "failed to investigate irregularities or Plaintiff's [sic] dispute of the amount of the debt and failed to properly credit Plaintiffs' payments[.]" (Doc. 12 at ID 65.) Plaintiffs aver that they "have incurred damages including improper and late charges and the cost of legal counsel prior to, during and post-bankruptcy proceedings" and they pray the court "adjudge and declare the Plaintiffs rights to an accounting, adjustment of account and whatever dollar amount allowed by statute, up to and including all attorney fees allowed by statute." (*Id.* at ID 65-66.) Such, injunctive relief is not available under RESPA. 12 C.F.R. § 1024.41 (providing that the provisions of this section may be enforced under 12 U.S.C. § 2605(f), which only authorizes monetary damages); *see Houle v. Green Tree Servicing, LLC*, 2015 U.S. Dist. LEXIS 53414 (E.D. Mich. Apr. 23, 2015) ("The principal relief sought by plaintiff – to set aside the sheriff's sale – is unavailable to him under RESPA."); *Fredericks v. Allquest Home Mortg. Corp.*, No, 15-10429, 2015 U.S. Dist. LEXIS 56447, at *7 (E.D. Mich. Apr. 30,

2015) (finding a "declaration that foreclosure process is null and void, injunctive relief stopping the foreclosure and an order requiring Defendants to negotiate another loan modification" unavailable under RESPA).

However, under previous paragraphs which were incorporated into the allegations under the RESPA claim (Doc. 12 at ID 64,) Plaintiffs allege that Defendant "failed to apply payments to the Mortgage in a full or correct manner" and that "[p]ortions of the payments were applied to the escrow account" while "[o]ther portions of the payments were not applied to the Mortgage and were not placed into the escrow account and may be unaccounted for." (Doc. 12 at ID 61-62.) Plaintiffs further allege that Defendant "began assessing unearned fees and costs including late fees on a monthly basis that were not agreed upon and/or, not fully disclosed to Plaintiffs" and that such "irregularities resulted in a bank overdraft of the Plaintiffs on several occasions." (Doc. 12 at ID 62.) Plaintiff also avers that "[s]uch fees and costs were wrongfully deducted from Plaintiffs' payments before payments were applied to principal, interest and escrow." (*Id*.)

In *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 720 (6th Cir. 2013), the Court found that the plaintiff properly alleged damages by alleging that due to the defendant's deficient response to the plaintiff's QWR, the defendant "continued to misapply payments of approximately $800 and that she incurred actual damages that included the amount of money [the defendant] 'converted' and 'interest and disgorgement interest.'" The Court noted that a "reasonable inference arising from these allegations is that because [the defendant] (undisputedly) failed to correct or investigate the misapplied payments, [the plaintiff] paid interest on a higher principal balance than she should

11

have." *Id.* The Court noted that the district court did not have the benefit of two recent unpublished decisions, that the court should have viewed the facts alleged and inferences in Plaintiff's favor, and should have concluded that the complaint "sufficiently stated that interest damages flowed from [the defendant's] deficient response to [the Plaintiff's] QWR because any additional interest she paid on the principal balance after [the defendant] deficiently responded to her QWR…would flow from the deficient response." *Id.* at 721.

Similarly, in the instant case, Plaintiffs have alleged that "[o]ther portions of the payments were not applied to the Mortgage and were not placed into the escrow account[,]" that Defendant "began assessing unearned fees and costs including late fees[,]" and that "[s]uch fees and costs were wrongfully deducted from Plaintiffs' payments before payments were applied to principal, interest and escrow." (Doc. 12 at ID 61-62.) I suggest that these allegations, coupled with the Court's duty to view the allegations in the light most favorable to the Plaintiff, are sufficient under *Marais* to state a claim under RESPA § 2605. *Jester v. CitiMortgage*, No. 1:13CV1926, 2014 WL 3547183, at *5 (N.D. Ohio July 16, 2014) ("While Plaintiffs' pleading in this case seems even more generalized than the pleading in Marais and offers little more than conclusory statements regarding the purported violations of RESPA, the Court will follow the Sixth Circuit approach and refrain from dismissing Plaintiffs' RESPA claim on the basis of inartfully pleaded actual damages.").

To the extent Plaintiffs discuss the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1640-1641, I suggest that Plaintiffs have failed to state a claim because the Complaint merely states that Defendant was governed by TILA but does not aver a violation.

### D.     Plaintiffs Request to Amend made in their responsive brief

#### 1.     Motion to Amend Standards

Fed. R. Civ. P. 15(a) permits a party to amend its pleading once within 21 days after service or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." At all other times a party may amend its pleading only with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Eastern District of Michigan Local Rule 15.1 states that "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion."

When a motion for leave to amend is before the court, Fed. R. Civ. P. 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990).When determining whether to grant leave to amend, the court is to consider several factors:

13

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). Courts may also consider whether the matters contained in the proposed amended complaint are unrelated to claims in the original complaint. *Hestep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001).

### 2.      Instant Request to Amend

In response to Defendant's motion to dismiss, Plaintiffs included a request to amend their complaint a second time and attached a Second Amended Complaint. (Doc. 18 & Ex. 2.) Since Plaintiffs have previously amended their complaint they are required to obtain leave of the court or Defendant's consent to amend. Fed. R. Civ. P. 15(a)(2). Defendant argues that Plaintiffs' request to amend should be denied because it was improperly raised within the response instead of as an independent motion. (Doc. 19.) Defendant directs the court to *Abdel-Fares v. Terris*, No. 14-13301, 2015 U.S. Dist. LEXIS 70585, at *20-22 (E.D. Mich. Apr. 29, 2015), which held that a response to a motion to dismiss is an inappropriate forum to request such relief.

The present case could be distinguished from *Terris*, because the *Terris* plaintiff merely noted a "willingness to file an amendment" in its response and did not include a copy of the proposed amendment. *Id.* at *22. However, I suggest that the Court lacks authority to waive the requirement that a party seek permission to amend its complaint

through a motion. While the court has authority to liberally construe pleadings submitted *pro se*, *see Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983), I suggest that no such authority exists here because Plaintiffs have been represented by counsel throughout these proceedings. Both the Fed. R. Civ. P. and the E.D. Mich. Local Rules placed Plaintiffs' counsel on notice that a request to amend must be made by motion. Moreover, since March 14, 2016, when Defendant filed its reply, Plaintiffs' counsel has been on actual notice that the request to amend was improperly filed. However, Plaintiffs' counsel has still failed to properly file a motion to amend.

The proposed amendment would be to file Plaintiffs' second amended complaint, Defendant has fully briefed its motion to dismiss, and Plaintiffs failed to properly file the request to amend as a motion. I suggest that the request should be denied as improper under the relevant rules. *U.S. ex rel. Kreipke v. Wayne State Univ.*, No. 12-14836, 2015 WL 400970, at *2 (E.D. Mich. Jan. 28, 2015) ("In the Sixth Circuit, courts have repeatedly held that an informal request for leave to amend raised only in response to a motion to dismiss is procedurally improper and must be denied.").

## IV. Conclusion

For the above reasons, I suggest that Defendant's motion to dismiss (Doc. 16) be **Granted in part and Denied in part, i.e., granted as to the breach of contract claim and denied as to the RESPA claim.**

## V. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and

15

file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 155; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 24, 2016                              S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge

## **CERTIFICATION**

  I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: June 24, 2016           By s/Kristen Krawczyk
                   Case Manager