UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY LIEBER, et al,

        Plaintiffs,                      Case No. 15-cv-14157

v.                                         Honorable Thomas L. Ludington

EVERBANK MORTGAGE COMPANY,

        Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT**

On November 25, 2015, Defendants Everbank Mortgage Company and Ditech Financial LLC removed this suit from the Saginaw County Circuit Count. ECF No. 1. In the underlying complaint, Plaintiffs Gregory and Lorena Lieber alleged that Defendants charged excessive payments for a mortgage and failed to provide "proper legal notifications or billing from the purported servicer of the mortgage." Compl. at 4, ECF No. 1, Ex. 1. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 9. An amended complaint was filed on January 8, 2016, which advanced two claims: breach of contract and violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601, *et seq*. ECF No. 12. Defendant Ditech was dismissed via stipulation on January 22, 2016. ECF No. 13. On February 8, 2016, Defendant Everbank filed a motion to dismiss. ECF No. 16. Judge Morris issued a report recommending that the motion be granted as regards the breach of contract claim, but not the RESPA claim. ECF No. 20. That report and recommendation was adopted without objections on July 28, 2016. ECF No. 21.

Defendant Everbank then filed a motion for summary judgment. ECF No. 26. On March 28, 2017, Judge Morris issued a report recommending that the motion be granted and the amended complaint dismissed. Plaintiffs have objected. For the reasons stated below, the objections will be overruled, the report and recommendation will be adopted, and the amended complaint will be dismissed.

### I.

Plaintiffs do not specifically object to Judge Morris's articulation of the underlying facts. Accordingly, that summary will be adopted. For clarity, a brief summation of Plaintiffs' allegations will be included here. In the amended complaint, Plaintiffs allege that Everbank "charged excessive amount[s] against the escrow account" arising out of a mortgage owed by Plaintiffs. Am. Compl. at 3, ECF No. 12. Previously, Plaintiffs had negotiated a loan modification, but they allege that, upon transfer of the mortgage to Everbank, the modification was unilaterally rescinded. *Id.* Plaintiffs' efforts to resolve the issue and reach another modification were rebuffed. In Plaintiffs' claim under RESPA, they allege that "Plaintiffs made reasonable requests upon Defendants, and Defendants failed to investigate irregularities or Plaintiff's [sic] dispute of the amount of the debt and failed to properly credit Plaintiffs' payments." *Id.* at 8.

### II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review

requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

RESPA imposes a duty on loan servicers to respond to borrower inquiries. *See* 12 U.S.C. § 2605(e)(1)(A). But servicers need only respond to a "qualified written request," which is a "written correspondence . . . that (i) includes or otherwise enables the services to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to

the servicer regarding other information sought by the borrower." *Id.* at § 2605(e)(1)(B). In her report and recommendation, Judge Morris concludes that Plaintiffs have not provided any evidence which suggests that they sent Everbank a qualified written request. Judge Morris further finds that, even if a qualified written request was sent, Everbank's response was sufficiently responsive to satisfy its obligations under RESPA. Accordingly, Judge Morris recommends dismissal of the complaint because there was no RESPA violation.

In response, Plaintiffs argue that a letter sent to Everbank on January 16, 2014, constituted a qualified written request. They further argue that Everbank's response to that letter was incomplete. Neither assertion has merit.

On January 16, 2014, Plaintiffs did send Everbank a handwritten letter. *See* Jan. 2014 Letter, ECF No. 18, Ex. 2. Because the document is almost illegible, it is unclear that it "enables the servicer to identify . . . the reasons for the belief of the borrower . . . that the account is in error." § 2605(e)(1)(B). It appears that, within the letter, Plaintiffs requested a number of documents from Everbank. Plaintiffs now argue that "[o]ne or more of the documents requested in the January 16, 2015 letter could be considered documents that relate to not only the origination of a loan, but also servicing of a loan." Objs. at 2, ECF No. 31. Specifically, Plaintiffs identify the request for "Affiliated Business Arrangement Disclosures, Mortgage [sic] Insurance Certificate and/or Evidence of Insurance." *Id.* Plaintiffs argue that these documents "could be documents within the servicer's file and form a basis for a servicer's charges to a customer." *Id.*

Even if that is true, Plaintiffs have not shown, in the January 2014 letter or now in their objections, that those documents actually were the basis for certain charges or explain how those documents formed the basis for Plaintiff's allegation that the account was in error. As Judge Morris explained, "'simply request[ing] a list of documents relating to [one's] loan' would not be

a" qualified written request. Rep. & Rec. at 9, ECF No. 30 (quoting *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, No. 10-13780, 2011 WL 1641898, at *4 (E.D. Mich. May 2, 2011)). Importantly, "[l]oan modification requests do not qualify as [qualified written requests] because they do not relate to the loan's servicing." *Martini v. JPMorgan Chase Bank, N.A.*, 634 F. App'x 159, 164 (6th Cir. 2015). Here, considering the allegations in the amended complaint as a whole, Plaintiffs alleged issue with Everbank revolves around a loan modification which Plaintiffs believe Everbank did not honor. The January 2014 letter, understood in context, thus seeks information related to a loan modification request, not an inquiry regarding servicing.[1]

Even if the January 2014 letter was meant to advance an inquiry regarding servicing, the language of the letter provides no basis for Everbank to identify what, exactly, Plaintiffs were challenging. As such, the letter was not a qualified written request that triggered RESPA obligations. Plaintiffs do not argue in their objections that any of the other correspondence sent to Everbank constituted qualified written requests, and so Judge Morris's analysis of those letters is adopted in full. Additionally, Plaintiffs make only conclusory arguments that Everbank's response to the January 2014 letter was inadequate under RESPA. There is no dispute that Everbank provided some of the requested documents. Plaintiffs have provided no support for the proposition that Everbank's response was legally insufficient under RESPA, especially considering the vague and largely illegible nature of the original request. Thus, even if the January 2014 letter was a qualified written request, RESPA was not violated.

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' objections, ECF No. 31, are **OVERRULED.**

---

[1] Alternatively, the request also appears to be seeking documents related to the origination of the loan. Plaintiffs do not dispute that a request related to loan origination does not constitute a qualified written request.

- 6 -

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 30, is **ADOPTED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 26, is **GRANTED.**

It is further **ORDERED** that Plaintiffs' amended complaint, ECF No. 12, is **DISMISSED.**

Dated: July 25, 2017　　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 25, 2017.

　　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager